UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Civil Action No.: 04-30058-MAP

BETTINA SNYDER,
DONALD SNYDER and
C S INDUSTRIES, LLC,

        Plaintiffs,

v.

GLENN T. DAVIS

        Defendant.

## MOTION FOR APPROVAL OF REAL ESTATE ATTACHMENT

Pursuant to Fed. R. Civ. P. 64 and Mass. R. Civ. P. 4.1, the Plaintiffs, Bettina Snyder, Donald Snyder and CS Industries, LLC (the "Plaintiffs"), by and through their counsel, Shatz, Schwartz and Fentin, P.C., respectfully move this Court, to allow the attachment of any and all real property held by the Defendant Glenn T. Davis (the "Defendant" or the "Tenant") in Connecticut.

In support of the foregoing Motion, the Plaintiffs submit the Affidavits of Bettina Snyder (<u>Exhibit A</u>) and Donald Snyder (<u>Exhibit B</u>) filed contemporaneously herewith and state as follows:

1.    The monies owed in this action arise from legal malpractice committed by the Defendant, resulting in a judgment against the Plaintiffs in Connecticut Superior Court and affirmed by the Connecticut Supreme Court in the amount of $335,000.00.

2. Upon information and belief, there is no liability insurance available to cover this debt.

3. Upon information and belief, there are no other assets, other than the real estate, that are available to satisfy this debt.

WHEREFORE, the Plaintiffs respectfully request that this Court issue a real estate attachment against all real property of the Defendant in the state of Connecticut in the amount of $335,000.00.

Respectfully submitted,

SHATZ, SCHWARTZ AND FENTIN, P.C.

By: /s/ Mark H. Bluver
Mark H. Bluver, Esquire
BBO #560330
Taruna Garg, Esquire
BBO #654665
1441 Main Street, Suite 1100
Springfield, MA  01103
(413) 737-1131 Phone
(413) 736-0375 Fax

Attorneys for Plaintiffs,
   Bettina Snyder, Donald Snyder
   and CS Industries, LLC

Dated:  March 22, 2004

G:\02\906\realestateattachment.4501.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Civil Action No.:

BETTINA SNYDER, )
DONALD SNYDER and )
C S INDUSTRIES, LLC, )
)
)
      Plaintiffs, )
v. )
)
GLENN T. DAVIS )
      Defendant. )
)

### AFFIDAVIT OF BETTINA SNYDER

I, Bettina Snyder, hereby depose and state:

1. That I am a member of CS Industries, LLC ("CSI"); I have personal knowledge of the facts set forth herein, and am familiar with the books and records of CSI.

2. I make this Affidavit based on my personal knowledge and my examination of the records of CSI.

3. The monies owed in this action arise from legal malpractice committed by the Defendant, resulting in a judgment against the Plaintiffs in Connecticut Superior Court and affirmed by the Connecticut Supreme Court in the amount of $335,000.00. The underlying action was brought against the Plaintiffs by Lectron Labs, Inc. ("Lectron"), alleging, inter alia, that Donald and Bettina Snyder had conspired with Charles Snyder (a former partner and one-third shareholder of Lectron) to form a competing company that was engaged in the same business as Lectron.

4. The Connecticut Superior Court entered default judgment against the Plaintiffs after the Defendant's repeated failure to comply with requests for discovery. The Defendant failed to inform the Plaintiffs of the court's orders compelling the production of discovery and did not notify them of the default judgment that had entered due to the Defendant's non-compliance. At a hearing on damages following the default judgment, the Defendant failed to raise key provisions of Connecticut law that would have allowed the Plaintiffs to introduce evidence to contest the allegations brought against them. In addition, the Defendant failed to make critical objections to testimony proffered by Lectron, inadequately cross-examined Lectron's business valuation expert and did not present an expert to contradict or explain the testimony of Lectron's expert. As a result, the Connecticut Superior Court awarded Lectron $235,000.00 in compensatory damages and $40,000 in punitive damages. It also found that the Plaintiffs had violated the Connecticut Unfair Trade Practices Act and awarded an additional $40,000 in punitive damages; and $20,000.00 in attorneys' fees.

5. I am aware of no liability insurance available to cover this debt.

6. I am unaware of any assets, other than the real estate, that are available to satisfy this debt.

7. In light of these facts, it is my opinion that a real estate attachment is required in this case because there are no other assets available to satisfy this judgment.

8. I also believe that there is a likelihood of success against the Defendant on the merits of this action.

9. The foregoing is true and accurate to the best of my belief.

Signed under the pains and penalties of perjury this 18 day of March, 2004.

_____
Bettina Snyder

02\906\realestateattachment.4501

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Civil Action No.:

BETTINA SNYDER, )
DONALD SNYDER and )
C S INDUSTRIES, LLC, )
)
)
Plaintiffs, )
v. )
)
GLENN T. DAVIS )
Defendant. )

### AFFIDAVIT OF DONALD SNYDER

I, Donald Snyder, hereby depose and state:

1. That I am a member of CS Industries, LLC ("CSI"); I have personal knowledge of the facts set forth herein, and am familiar with the books and records of CSI.

2. I make this Affidavit based on my personal knowledge and my examination of the records of CSI.

3. The monies owed in this action arise from legal malpractice committed by the Defendant, resulting in a judgment against the Plaintiffs in Connecticut Superior Court and affirmed by the Connecticut Supreme Court in the amount of $335,000.00. The underlying action was brought against the Plaintiffs by Lectron Labs, Inc. ("Lectron"), alleging, inter alia, that Donald and Bettina Snyder had conspired with Charles Snyder (a former partner and one-third shareholder of Lectron) to form a competing company that was engaged in the same business as Lectron.

4. The Connecticut Superior Court entered default judgment against the Plaintiffs after the Defendant's repeated failure to comply with requests for discovery. The Defendant failed to inform the Plaintiffs of the court's orders compelling the production of discovery and did not notify them of the default judgment that had entered due to the Defendant's non-compliance. At a hearing on damages following the default judgment, the Defendant failed to raise key provisions of Connecticut law that would have allowed the Plaintiffs to introduce evidence to contest the allegations brought against them. In addition, the Defendant failed to make critical objections to testimony proffered by Lectron, inadequately cross-examined Lectron's business valuation expert and did not present an expert to contradict or explain the testimony of Lectron's expert. As a result, the Connecticut Superior Court awarded Lectron $235,000.00 in compensatory damages and $40,000 in punitive damages. It also found that the Plaintiffs had violated the Connecticut Unfair Trade Practices Act and awarded an additional $40,000 in punitive damages; and $20,000.00 in attorneys' fees.

5. I am aware of no liability insurance available to cover this debt.

6. I am unaware of any assets, other than the real estate, that are available to satisfy this debt.

7. In light of these facts, it is my opinion that a real estate attachment is required in this case because there are no other assets available to satisfy this judgment.

8. I also believe that there is a likelihood of success against the Defendant on the merits of this action.

9. The foregoing is true and accurate to the best of my belief.

Signed under the pains and penalties of perjury this 18 day of March, 2004.

Donald Snyder