UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BETTINA SNYDER, DONALD SNYDER and C S INDUSTRIES, LLC,<br>Plaintiffs<br><br>v.<br><br>GLENN T. DAVIS,<br>Defendant | 04-CV-30058-MAP |

**DEFENDANT'S, GLENN T. DAVIS, ANSWER TO THE PLAINTIFFS' COMPLAINT AND DEMAND FOR TRIAL BY JURY ON ALL ISSUES**

Answering the numbered paragraphs of the Plaintiffs' Complaint, the Defendant, Glenn T. Davis, admits, denies and alleges as follows:

**THE PARTIES**

1. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

2. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

3. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

4. The Defendant, Glenn T. Davis, admits that he is a licensed attorney but denies the remaining allegations contained in this Paragraph of the Plaintiffs' Complaint.

264151v1

## JURISDICTION

5. This is a statement of legal conclusion to which no response is required.

6. This is a statement of legal conclusion to which no response is required.

## FACTS

7. The Defendant, Glenn T. Davis, admits that Bettina and Donald Snyder and CSI were sued by Lectron Labs, Inc. but denies the remaining allegations contained in this Paragraph of the Plaintiffs' Complaint. Further answering, the Defendant states that the Complaint, which was attached as Exhibit A, was not the complaint against Bettina and Donald Snyder.

8. The Defendant, Glenn T. Davis, is without knowledge and/or information as to the reasons for the allegation made against Charles Snyder. The Defendant admits that at all times relevant hereto Charles Snyder was a one-third owner of Lectron Labs, Inc. Further, the Defendant states that not all members of Charles Snyder's family had been employees of Lectron, only Bettina and Donald Snyder. The Defendant denies that the Snyder's were terminated by Lectron shortly after Charles Snyder's decision to leave Lectron.

9. The Defendant, Glenn T. Davis, denies that all of the Snyders who worked at Lectron were at-will employees of Lectron and is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in sentence one of Paragraph 9. As to the remaining allegations of Paragraph 9, the Defendant can neither admit nor deny these allegations as they incompletely summarize a document which speaks for itself.

10. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint for the reason that he was initially retained by Donald Snyder only.

11. The Defendant, Glenn T. Davis, denies each and every allegation contained in this Paragraph of the Plaintiffs' Complaint.

264151v1

A. **Default Judgment**

12.  The Defendant, Glenn T. Davis, admits the allegations contained in this Paragraph of the Plaintiffs' Complaint.

13.  The Defendant, Glenn T. Davis, admits the allegations contained in this Paragraph of the Plaintiffs' Complaint.

14.  The Defendant, Glenn T. Davis, admits the allegations contained in this Paragraph of the Plaintiffs' Complaint.

15.  The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint. Further answering, the Defendant states that the Plaintiffs consistently refused to give the Defendant the responsive document despite his repeated requests.

16.  The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

17.  The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

18.  The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

19.  The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

20.  The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

21.  The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

264151v1

22. The Defendant, Glenn T. Davis, can neither admit nor deny the allegations contained in this Paragraph of the Plaintiffs' Complaint because he has no knowledge of the date upon which the court entered a default.

23. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

24. The Defendant, Glenn T. Davis, admits that he filed a motion to remove default, which was granted but he can neither admit nor deny the dates thereof.

25. The Defendant, Glenn T. Davis, can neither admit nor deny the allegations contained in this Paragraph of the Plaintiffs' Complaint because he is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint.

26. The Defendant, Glenn T. Davis, can neither admit nor deny the date of the hearing to set aside the default for the reason that he is without personal knowledge as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint. Further answering, the Defendant admits that the plaintiffs were ordered to pay attorney's fees at the hearing to set aside the default and that the removal was conditional upon the Snyders' compliance with outstanding discovery.

27. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

28. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

29. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

30. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

31. The Defendant, Glenn T. Davis, admits that a meeting took place between him, the Plaintiffs and their corporate counsel. However, he can neither admit nor deny the date upon which meeting took place. The Defendant admits that one of the topics of discussion concerned the ongoing litigation.

32. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

33. The Defendant, Glenn T. Davis, admits that he filed a Motion to Set Aside the Default, which was denied by the trial court, but he is without information or belief as to the dates that he filed said Motion or the date that the trial court acted upon it and therefore calls upon the plaintiff to prove the same.

34. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

**B.** **Hearing on Damages**

35. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

36. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

37. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

38. The Defendant, Glenn T. Davis, states that the decision speaks for itself.

**C.     The Appeal**

39. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

40. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

41. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

42. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

43. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

44. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

45. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

46. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

47. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

48. The Defendant, Glenn T. Davis, is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Complaint and therefore calls upon the Plaintiffs to prove the same.

49. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

### COUNT ONE
### (Negligence)

50. The Defendant, Glenn T. Davis, repeats and realleges his answers to the preceding paragraphs as if set forth fully herein.

51. The Defendant, Glenn T. Davis, admits the allegations contained in this Paragraph of the Plaintiffs' Complaint.

52. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

53. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

54. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

## COUNT TWO
### (Breach of Contract)

55. The Defendant, Glenn T. Davis, repeats and realleges his answers to the preceding paragraphs as if set forth fully herein.

56. The Defendant, Glenn T. Davis, admits that he was retained by the plaintiffs to defend them in the litigation that had been brought by their former employer, Lectron Labs, Inc., and that he was to receive a fee for his legal services.

57. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

58. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

## COUNT THREE
### (Breach of Fiduciary Duty)

59. The Defendant, Glenn T. Davis, repeats and realleges his answers to the preceding paragraphs as if set forth fully herein.

60. No response is required to the allegations contained in this Paragraph of the Plaintiffs' Complaint since it contains a conclusion of law.

61. The Defendant, Glenn T. Davis, denies the allegations contained in this Paragraph of the Plaintiffs' Complaint.

62. No response is required to the allegations contained in this Paragraph of the Plaintiffs' Complaint since it contains a conclusion of law.

WHEREFORE, the Defendant, Glenn T. Davis, requests that this case be dismissed and he be awarded his costs.

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Glenn T. Davis, states that this action is barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

The Defendant, Glenn T. Davis, states that if the Plaintiffs suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendant, Glenn T. Davis, was not and is not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

The Defendant, Glenn T. Davis, states that the negligence of the Plaintiffs was greater than the alleged negligence of the Defendant, Glenn T. Davis, and that such negligence of the Plaintiffs contributed to their alleged damages and, therefore, the Plaintiffs are barred from recovery under M.G.L. c. 231, §85.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant, Glenn T. Davis, states that the Plaintiffs were contributorily negligent and that the damages, if any, recovered by the Plaintiffs from the Defendant, should be reduced in proportion to the said negligence of the Plaintiffs in accordance with M.G.L. c. 231, §85.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiffs are barred from recovery for insufficiency of service of process.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiffs are barred from recovery for insufficiency of service.

264151v1

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Glenn T. Davis, states that the plaintiffs have failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, Glenn T. Davis, states that the Plaintiffs are barred from recovery due to their unclean hands.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense the Defendant states that the Plaintiffs are barred from recovery for failure to state a claim.

### JURY DEMAND

The Defendant, Glenn T. Davis, claims a trial by jury on all issues so triable.

WHEREFORE, the Defendant, Glenn T. Davis, demands that:

1. This case be dismissed; and
2. That he be awarded his costs.

264151v1

The Defendant
**GLENN T. DAVIS**
By His Attorneys

**Morrison, Mahoney & Miller, LLP**

_____
John G. Bagley, Esquire, BBO#: 026050

_____
Susan D. Sachs, Esquire, BBO#: 556201
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

## CERTIFICATE OF SERVICE AND COMPLIANCE

I, Susan D. Sachs, of Morrison, Mahoney & Miller, LLP, 1500 Main Street, P.O. Box 15387, Springfield, MA 01115-5387, hereby certify that on the 4th day of June 2004, I caused the forgoing document to be served upon the other party or parties in this action by mailing a copy of the same, postage prepaid, first class mail, to:

Mark H. Bluver, Esq.
Shatz, Schwartz and Fentin, P.C.
1441 Main Street
Springfield, MA 01103

_____
Susan D. Sachs, Esq.

264151v1